B 104 [08/07]

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>RONALD E. STADTMUELLER, Chapter 7 Trustee | DEFENDANTS<br>CAROLYN MEDINA, Individually and AS TRUSTEE OF THE MEDINA FAMILY TRUST DATED 9/16/1998; RUDOLPH MEDINA aka RUDY MEDINA; MID BRANT STREET, LLC, a Delaware limited liability company; MEDINA INVESTMENTS & DEVELOPMENT, INC., a California corporation; MEDINA CAPITAL GROUP, LLC, a California limited liability company; PBS REAL ESTATE INVESTMENTS, LLC, a California limited liability company; PBS CONSTRUCTION SERVICES, INC., a California corporation |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Law Office of William P. Fennell, APLC<br>401 West A Street, Suite 1800<br>San Diego, CA 92101<br>Tel: (619) 325-1560 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Declaratory Relief; Avoidance and Recovery of Preferential Transfer - 11 U.S.C. §§ 547 and 550; Avoidance and Recovery of Fraudulent Conveyance - 11 U.S.C. §§ 548 and 550; Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439.04 and 3439.05; Avoidance and Recovery of Post-Petition Transfers - 11 U.S.C. § 549 and 542; Turnover of Property of the Estate - 11 U.S.C. § 542; and, Accounting; Equitable Subordination of Claims-11 U.S.C. §510(c)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>**3** 11 - Recovery of money/property - § 542 turnover of property<br>**1** 12 - Recovery of money/property - § 547 preference<br>**2** 13 - Recovery of money/property - § 548 fraudulent transfer<br>**4** 14 - Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61 - Dischargeability - § 523(a)(5), domestic support<br>☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 - Dischargeability - § 523(a)(8), student loan<br>☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation<br>  (other than domestic support)<br>☐ 65 - Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21 - Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71 - Injunctive relief - reinstatement of stay<br>☐ 72 - Injunctive relief - other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 - Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91 - Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51 - Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01 - Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims<br>☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false<br>  representation, actual fraud<br>☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement,<br>  larceny | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*<br>☐ 02 - Other (e.g. other actions that would have been brought in state<br>  court if unrelated to bankruptcy case) |
| **(continued next column)** | |

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ According to proof at trial |

Other Relief Sought

B 104

B 104 (Page 2) [08/07]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>RUDOLPH MEDINA aka RUDY MEDINA | | BANKRUPTCY CASE NO.<br><br>12-13764-LT7 |
| DISTRICT IN WHICH CASE IS PENDING<br><br>SOUTHERN DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br><br>SAN DIEGO | NAME OF JUDGE<br><br>LAURA S. TAYLOR |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| /s/William P. Fennell |

| DATE<br><br>12/05/2014 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>William P. Fennell |
|---|---|

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B 104

1  William P. Fennell, Esq. (SBN 164210)
   Of Counsel: Melissa A. Blackburn Joniaux (SBN 105470)
2  LAW OFFICE OF WILLIAM P. FENNELL, APLC
   401 West A Street, Suite 1800
3  San Diego, CA  92101
   Tel: (619) 325-1560
4  Fax: (619) 325-1558

5  Attorneys for Ronald E. Stadtmueller, Chapter 7 Trustee

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10  In re                                )Case No. 12-13764-LT7
                                         )
11  RUDOLPH MEDINA                       )Adversary No.
    aka RUDY MEDINA                      )
12                                       )
                            Debtor.      )**COMPLAINT FOR DECLARATORY**
13                                       )**RELIEF; TO AVOID AND RECOVER**
                                         )**PREFERENTIAL TRANSFERS; TO**
14  _____  )**AVOID AND RECOVER**
    RONALD E. STADTMUELLER, Chapter      )**FRAUDULENT TRANSFERS; TO**
15  7 Trustee,                           )**AVOID AND RECOVER POST-**
                                         )**PETITION TRANSFERS; FOR**
16                                       )**TURNOVER OF PROPERTY OF THE**
                            Plaintiff,   )**ESTATE; FOR AN ACCOUNTING;**
17                                       )**FOR EQUITABLE SUBORDINATION**
    v.                                   )
18                                       )
    CAROLYN MEDINA, Individually and     )
19  AS TRUSTEE OF THE MEDINA             )
    FAMILY TRUST DATED 9/16/1998;        )
20  RUDOLPH MEDINA aka RUDY              )
    MEDINA; MID BRANT STREET, LLC, a     )
21  Delaware limited liability company;  )
    MEDINA INVESTMENTS &                 )
22  DEVELOPMENT, INC., a California      )
    corporation; MEDINA CAPITAL          )
23  GROUP, LLC, a California limited      )
    liability company; PBS REAL ESTATE   )
24  INVESTMENTS, LLC, a California        )
    limited liability company; PBS        )
25  CONSTRUCTION SERVICES, INC., a       )
    California corporation,               )
26                                       )
                            Defendants.  )
27                                       )
    _____  )
28

                                                      20141205 MEDI Complaint Mid Brant Street  LLC V4.wpd

1    Plaintiff, Ronald E. Stadtmueller, the Chapter 7 Trustee ("Trustee" or "Plaintiff"),

2    of the Bankruptcy Estate of *In re Rudolph Medina aka Rudy Medina* alleges as follows:

3    **JURISDICTION/VENUE**

4    1.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),

5    (B), (C),  (E), (F), (H), and (O).  This Court has jurisdiction over the subject matter of this

6    adversary proceeding based on 28 U.S.C. §§ 157(a) and 1334(b) and General Order 312-

7    D of the United States District Court, Southern District of California.

8    2.    Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding is

9    related to the Debtor's bankruptcy case, which is still pending.

10    3.    This Complaint initiates an adversary proceeding within the meaning of

11    Federal Rule of Bankruptcy Procedure 7001(1), 7001(2), 7001(8) and 7001(9).

12    **GENERAL ALLEGATIONS**

13    4.    Rudolph Medina aka Rudy Medina (the "Debtor") filed his Chapter 11

14    bankruptcy proceeding on October 11, 2012 ("Petition Date").

15    5.    The Debtor's bankruptcy proceeding was converted to one under Chapter 7

16    on or about September 4, 2013, at which time the Plaintiff was appointed as the Chapter 7

17    Trustee of the Debtor's Bankruptcy Estate pending in this District as Case No. 12-13764-

18    LT7.

19    6.    Accordingly, Plaintiff  is the duly authorized representative of the Debtor's

20    Bankruptcy Estate pursuant to Section 704 of the Bankruptcy Code.

21    7.    Plaintiff is informed and believes that Carolyn Medina is the Debtor's

22    mother, is sued in this action in her individual capacity and as Trustee of the Medina

23    Family Trust dated 9/16/1998 and in these collective capacities is referred to herein as the

24    "Medina Defendants."   At all times alleged herein, the Medina Defendants were insiders

25    of the Debtor within the meaning of 11 U.S.C. § 101(31).

26    8.    Plaintiff is informed and believes that, according to the MID Brant Street

27    Operating Agreement dated August 3, 2007 ("Operating Agreement") which was entered

28    into between Medina Investments & Development, Inc. ("Managing Member") and

1    Medina Capital Group, LLC ("Medina Capital Group" or "Investor Member"), MID Brant

2    Street, LLC ("MID Brant Street") was formed as a Delaware limited liability company for

3    the  development, financing, construction and sale of the four condominiums which it

4    owned and which were located on Brant Street and West Juniper Street and are commonly

5    known as 408 W. Juniper Street ("408 W. Juniper"), 414 W. Juniper Street ("414 W.

6    Juniper"), 2300 Brant Street ("2300 Brant Street") and 2306 Brant Street (2306 Brant").

7    (408 W. Juniper, 414 W. Juniper, 2300 Brant Street and 2306 Brant Street are collectively

8    known as the "Brant Street Properties").

9    　　　　9.    Plaintiff is informed and believes that the Debtor was the 100% owner and

10    President of the Managing Member and therefore, the Managing Member was an insider

11    of the Debtor.  Plaintiff is further informed and believes that, according to information

12    obtained from the California Secretary of State, the Managing Member is "Dissolved."

13    　　　　10.    Plaintiff is informed and believes that the Debtor was the 50% owner and

14    Manager of the Investor Member and therefore, the Investor Member was an insider of the

15    Debtor.  Plaintiff is further informed and believes that, according to information obtained

16    from the California Secretary of State, the Managing Member is "Suspended."

17    　　　　11.    Plaintiff is informed and believes that MID Brant Street is, and at all relevant

18    times was controlled by the Debtor and, as a result of the Debtor's interest in and control

19    of MID Brant Street, it is an insider of the Debtor.

20    　　　　12.    Plaintiff is informed and believes that PBS Construction Services, Inc.

21    ("PBS Construction") filed its Articles of Incorporation with the California Secretary of

22    State on October 9, 2013 and it is an entity controlled by the Debtor.

23    　　　　13.    Plaintiff is informed and believes that PBS Real Estate Investments LLC

24    ("PBS Investments") filed as a domestic limited liability company with the California

25    Secretary of State on August 14, 2013 and that the Debtor is a Member of PBS

26    Investments and it is an entity controlled by the Debtor.

27    / / /

28    / / /

1      14.    Plaintiff is informed and believes that PBS Construction and PBS

2  Investments are insiders of the Debtor within the meaning of 11 U.S.C. §101(31) and they

3  are collectively referred to herein as the "PBS Defendants."

**ALLEGATIONS REGARDING THE ALLEGED TRANSFER OF THE
DEBTOR'S INTEREST IN MID BRANT STREET LLC**

6      15.    Plaintiff is informed and believes that in response to Question 10 of the

7  Debtor's Statement of Financial Affairs, the Debtor stated, under penalty of perjury, that

8  the Brant Street Property was transferred to the Medina Family Trust on May 20, 2011.

9      16.    Plaintiff is informed and believes that the Debtor did not transfer his interest

10  in MID Brant Street which owned the Brant Street Properties on May 20, 2011.

11      17.    Plaintiff is further informed and believes that MID Brant Street and the

12  Brant Street Properties which it owned became property of the bankruptcy estate upon the

13  filing of the Chapter 11 petition by the Debtor.

14      18.    Plaintiff is further informed and believes that, even if the Debtor's interest in

15  MID Brant Street and the Brant Street Properties which it owned were transferred, at some

16  point, to the Medina Family Trust, it was not transferred until, at the earliest, July 6, 2012

17  which was within one year prior to the filing of the Debtor's bankruptcy petition on

18  October 11, 2012.

19      19.    Plaintiff is also informed and believes that, if the Debtor did transfer his

20  interest in MID Brant Street and the Brant Street Properties, then the Medina Family Trust

21  did not provide consideration to the Debtor for the alleged transfer.

**ALLEGATIONS REGARDING THE DIVERSION OF
RENTAL PROCEEDS FROM THE BRANT STREET**

24      20.    Plaintiff is informed and believes that according to the MID Brant Street,

25  LLC Profit & Loss-January through December 2013, total rental income was $164,684.04

26  and Plaintiff is informed and believes that there was additional rental income in 2014.

27  / / /

28  / / /

21. Plaintiff has not received a detailed, verified accounting for the disposition of this rental income and is informed and believes that the rental income has been diverted by the Defendants to their own personal use.

**ALLEGATIONS REGARDING THE DISPOSITION OF THE PROCEEDS FROM THE SALE OF THE BRANT STREET PROPERTIES**

22. Plaintiff is informed and believes that on February 7, 2014 that portion of the Brant Street Properties commonly known as 414 W. Juniper Street was sold and after payoff of the first mortgage to Seattle Funding Group of California, MID Brant Street received proceeds of at least $47,697.87.

23. Plaintiff is further informed and believes that in connection with the sale of 414 W. Juniper, settlement costs of $91,835.89 were paid to undisclosed parties.

24. Plaintiff is informed and believes that on March 14, 2014 that portion of the Brant Street Properties commonly known as 408 W. Juniper Street was sold and after payoff of the first mortgage to Seattle Funding Group of California, MID Brant Street received proceeds of at least $24,923.86.

25. Plaintiff is also informed and believes the settlement charges from the 408 W. Juniper sales proceeds included payments in the amount of $16,949.00 and $9,378.50 to PBS Construction Services.

26. Plaintiff is informed and believes that on September 18, 2014 that portion of the Brant Street Properties commonly known as 2300 Brant Street was sold and after payoff of the first mortgage to Seattle Funding Group of California, MID Brant Street received proceeds of at least $35,238.85.

27. Plaintiff is also informed and believes the settlement charges from the 2300 Brant Street sales proceeds included payments in the amount of $27,669.94 to PBS Real Estate Investments, LLC.

28. Plaintiff is informed and believes that on October 29, 2014 that portion of the Brant Street Properties commonly known as 2306 Brant Street was sold. The first mortgage to Seattle Funding Group of California which had encumbered the Brant Street

1  Property had been paid off with the previous sales and accordingly, MID Brant Street

2  received proceeds of at least $773,113.04.

3      29.    Plaintiff is also informed and believes the settlement charges from the 2306

4  Brant Street sales proceeds included a payment in the amount of $15,300.00 to PBS

5  Construction Services for a Mechanic's Lien which was filed on October 29, 2014 (over

6  four years after the Notice of Completion of the Brant Street Properties was recorded as

7  Document No. 2010-0377699 with the San Diego County Recorder's Office).

8
9  **ALLEGATIONS REGARDING THE ASSUMPTION**
   **AND PAYMENT OF THE $350,000 MEDINA LOAN**

10      30.    Plaintiff is informed and believes that, on or about May 27, 2011, a

11  commercial unsecured loan represented by a Promissory Note in the principal amount of

12  $350,000 was made by Regents Bank to Carolyn Medina, individually ("$350,000 Medina

13  Loan")  Plaintiff is further informed and believes that Carolyn Medina as Trustee of the

14  Medina Family Trust provided a Commercial Guarantee of the $350,000 Medina Loan.

15      31.    Plaintiff is informed and believes that the $350,000 Medina Loan was in

16  default due to Ms. Medina's failure to pay the September 30, 2012 payment and the loan

17  matured on November 30, 2012.

18      32.    Plaintiff is further informed and believes that the $350,000 Medina Loan

19  was paid from the proceeds of the sale of the Brant Street Property and no consideration

20  was given to MID Brant Street or the Debtor by the Medina Defendants for this

21  assumption and payment of the $350,000 Medina Loan.

22  **ALLEGATIONS REGARDING MEDINA FAMILY TRUST PROOF OF CLAIM**

23      33.    Plaintiff is informed and believes that, on August 20, 2012, the Medina

24  Family Trust filed a Complaint in the San Diego Superior Court as Case No. 37-2012-

25  00102632-CU-CO-CTL ("Medina Family Trust Action") against the Debtor and the

26  Medina Capital Group alleging Common Counts for "money had and received", "money

27  lent" and "money paid out" and seeking the sum of $3,000,000.

28

34. Plaintiff is informed and believes that eight (8) days later and forty-four (44) days prior to the filing of the Debtor's bankruptcy petition, on August 28, 2012, a stipulated judgment in the amount of $3,000,435 in favor of the Medina Family Trust and against the Debtor and the Medina Capital Group, LLC was entered in the Medina Family Trust Action.

35. Plaintiff is informed and believes that on December 19, 2012, the Medina Family Trust filed a Proof of Claim (Claim 10-1) in the amount of $3,000,435 stating that the "Basis for Claim" was the Judgment in the Medina Family Trust Action.

### FIRST CLAIM FOR RELIEF
#### (Declaratory Relief)

36. Plaintiff realleges and incorporates by this reference Paragraphs 1 through 35 of this Complaint as fully set forth herein.

37. Plaintiff alleges that, as set forth in this Claim for Relief, an actual controversy has arisen and now exists between Plaintiff and the Debtor, MID Brant Street, the Managing Member, the Investor Member and the Medina Defendants.

38. Plaintiff is informed and believes that MID Brant Street was formed under and is governed by the Limited Liability Act Company Act, Title 6, Article 18, Sections 18-101 et seq., of the Delaware Code.

39. Plaintiff is informed and believes that the Debtor claims to have transferred the ownership interest of the Managing Member and the Investor Member in MID Brant Street or in the Brant Street Property to the Medina Defendants.

40. Plaintiff is informed and believes that the Debtor may have carried out only some, but not all, of the legal requisites under the applicable provisions of the Delaware Code necessary to transfer the interests of the Managing Member or the Investor Member to the Medina Defendants.

41. Plaintiff is informed and believes that, at all times relevant to this Complaint, and in particular, subsequent to May 20, 2011, the Debtor retained full control and management over the assets and affairs of MID Brant Street, including but not limited to

1  the disposition of any and all proceeds from the rental or sale of the Brant Street

2  Properties.

3      42.    Plaintiff is informed and believes and thereon alleges that at all times

4  relevant to this Complaint, and, in particular, subsequent to May 20, 2011, that the Debtor

5  retained and enjoyed full beneficial ownership of MID Brant Street and its assets

6  including, but not limited to the Brant Street Properties and the rental income and sales

7  proceeds derived therefrom and that enjoyment included, but was not limited to,

8  withdrawing funds from MID Brant Street for his own personal use.

9      43.    Plaintiff is informed and believes and thereon alleges that because Debtor

10  continued to exercise full managerial control over MID Brant Street subsequent to May

11  20, 2011 and because Debtor failed to carry out all of the formal steps necessary under the

12  applicable provisions of the Delaware Code to transfer ownership and control over MID

13  Brant Street to the Medina Family Trust, and because the Debtor continued to enjoy

14  beneficial ownership of MID Brant Street in the form of withdrawing money from it, that

15  neither legal nor equitable ownership of MID Brant Street and its assets, including but not

16  limited to the Brant Street Properties and the rental income and sales proceeds derived

17  therefrom ever passed from the Debtor to the Medina Family Trust so that from the time of

18  the filing of the Debtor's bankruptcy petition on October 11, 2012 , MID Brant Street and

19  its assets, including but not limited to the Brant Street Properties and the rental income and

20  sales proceeds  derived therefrom were property of the Debtor's bankruptcy estate.

21      44.    Defendant disputes Plaintiff's contentions as set forth in Paragraphs 37-43

22  and therefore a judicial declaration is necessary and appropriate at this time that MID

23  Brant Street and any and all of its assets including, but not limited to, the Brant Street

24  Properties and the rental income and sales proceeds derived therefrom are property of the

25  Debtor's bankruptcy estate under 11 U.S.C. §541 that Plaintiff may recover for the benefit

26  of the estate.

27  / / /

28  / / /

**SECOND CLAIM FOR RELIEF**
**(Avoidance and Recovery of Preferential Transfer - 11 U.S.C. §§ 547 and 550)**

45.     Plaintiff realleges and incorporates by this reference Paragraphs 1 through 44 of this Complaint as fully set forth herein.

46.     Plaintiff is informed and believes that, if the transfer of the Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant Street Properties, is determined to be effective, then the transfer occurred within one year prior to the filing of the Debtor's bankruptcy petition to an insider of the Debtor.

47.     Plaintiff is informed and believes that, if the transfer of the Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant Street Properties is determined to be effective, then the transfer of the Debtor's interest was made to or for the benefit of Medina Defendants for or on account of an antecedent debt owed by the Debtor before the transfer was made.

48.     Plaintiff is informed and believes that, if the transfer of the Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant Street Properties, is determined to be effective, then the transfer of the Debtor's interest was made while the Debtor was insolvent.

49.     Plaintiff is informed and believes that, if the transfer of the Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant Street Properties is determined to be effective, then the transfer of the Debtor's interest enabled the Medina Defendants to receive more than the Medina Defendants would receive if —

(A)     the case were a case under chapter 7 of this title;

(B)     the transfers had not been made; and

(C)     such creditor received payment of such debt to the extent provided by the provisions of Chapter 7 of the Bankruptcy Code.

50.     Accordingly, Plaintiff is informed and believes that the transfer of the Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant

1   Street Properties constitutes a preferential transfer under 11 U.S.C. § 547(b) and is

2   therefore avoidable by Plaintiff.

3       51.    Pursuant to 11 U.S.C. §550, upon avoidance of the transfer of the Debtor's

4   interest in MID Brant Street and its assets, including but not limited to the Brant Street

5   Properties, Plaintiff is entitled to recover for the benefit of the Estate, the property

6   transferred, or, if the Court so orders, the value of such property, from (a) the initial

7   transferee of such transfer or the entity for whose benefit such transfer was made; or (b)

8   any immediate or mediate transferee of such initial transferee.

9

10  **THIRD CLAIM FOR RELIEF**
    **(Avoidance and Recovery of Fraudulent Conveyance - 11 U.S.C. §§ 548 and 550)**

11      52.    Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of

12  this Complaint as though fully set forth herein.

13      53.    Plaintiff alleges on information and belief that if the transfer of the Debtor's

14  interest in MID Brant Street and its assets, including but not limited to the Brant Street

15  Properties is determined to be effective, then the transfer was made within two years

16  before the date of the bankruptcy filing and the Debtor voluntarily made such transfers or

17  incurred such obligations with the actual intent to hinder, delay, or defraud an entity which

18  was or became on or after the date such transfers were made or such obligations incurred,

19  indebted to the Debtor.

20      54.    Plaintiff alternatively alleges on information and belief that the Debtor

21  received less than reasonably equivalent value in exchange for such transfers or

22  obligations and was insolvent on the date that such transfers were made or such

23  obligations were incurred, or became insolvent as a result of such transfers or obligation;

24  was engaged in business or a transaction, for which any property remaining with the

25  Debtor was an unreasonably small capital; and intended to incur or believed that the

26  Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts

27  matured.

28  / / /

1      55.    Plaintiff also alleges that such transfers were made to or the benefit of the

2  Medina Defendants who are insiders of the Debtor.

3      56.    Plaintiff is informed and believes that other payments or transfers may have

4  been made to the Medina Defendants which are subject to avoidance and recovery as

5  fraudulent transfers.  Such payments or transfers are unknown to Plaintiff at this time and

6  Plaintiff will amend his Complaint to reflect such transfers at such time as the information

7  becomes available to him or request that the Court conform the claim to proof at trial.

8      57.    Pursuant to 11 U.S.C. § 550, Plaintiff is authorized to avoid the transfers

9  identified herein and may recover for the benefit of the Estate the property transferred or,

10  if the Court so orders, the value of such property.

11

**FOURTH CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550**
12          **and California Civil Code §§ 3439.04 and 3439.05)**

13      58.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of

14  this Complaint as though fully set forth herein.

15      59.    Plaintiff has the authority of a lien creditor pursuant to § 544(b) of Title 11

16  of the United States Code to avoid the transfers alleged herein.

17      60.    There was and is at least one unsecured creditor of this estate holding an

18  allowable claim under 11 U.S.C. § 502, who was a creditor at the time of the transfer

19  alleged herein, and the transfer alleged herein is voidable by such unsecured creditor under

20  the California Uniform Fraudulent Transfer Act, Civil Code § 3439.01, et. seq, including,

21  without limitation, § 3439.04 and/or § 3439.05.

22      61.    Within four years of the bankruptcy filing, if the transfer of the Debtor's

23  interest in MID Brant Street and its assets, including but not limited to the Brant Street

24  Properties is determined to be effective, then the Debtor transferred his interest in the

25  Medina Defendants in an amount subject to proof at time of trial.

26      62.    Plaintiff is informed and believes that other payments or transfers may have

27  been made to the Medina Defendants which are subject to avoidance and recovery as

28  fraudulent transfers.  Such payments or transfers are unknown to Plaintiff at this time and

1    Plaintiff will amend his Complaint to reflect such transfers at such time as the information

2    becomes available to him or request that the Court conform the claim to proof at trial.

3        63.    Plaintiff alleges on information and belief that the transfers to the Medina

4    Defendants, as alleged herein, were made by the Debtor (a) with actual intent to hinder,

5    delay, or defraud a creditor of the Debtor; (b) without receiving a reasonably equivalent

6    value in exchange for the transfer or obligation, and the Debtor: (1) was engaged or was

7    about to engage in a business or a transaction for which the remaining assets of the Debtor

8    were unreasonably small in relation to the business or transaction; or (2) intended to incur,

9    or believed or reasonably should have believed that he would incur, debts beyond his

10    ability to pay as they became due.

11        64.    Plaintiff alleges on information and belief that the transfer to the Medina

12    Defendants was made without the Debtor receiving reasonably equivalent value in

13    exchange for the transfer and the Debtor was insolvent at the time, or the Debtor became

14    insolvent as a result of the transfer.

15        65.    The transfers alleged herein are avoidable by the Trustee pursuant to

16    California Civil Code §§ 3439.04, 3439.05 and 3439.07(a)(1).  As a result, the Trustee

17    may recover the value of the asset transferred from (1) the first transferee of the asset or

18    the person for whose benefit the transfer was made; or (2) any subsequent transferee, other

19    than a good faith transferee who took for value or from any subsequent transferee.

20                            **FIFTH CLAIM FOR RELIEF**
    **(Avoidance and Recovery of Post-Petition Transfers - 11 U.S.C. § 549 and 542)**
21

22        66.    Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of

23    this Complaint as though fully set forth herein.

24        67.    Plaintiff is informed and believes that post-petition transfers made to the

25    Medina Defendants and the PBS Defendants from the sale of the Brant Street Properties

26    after the filing of the bankruptcy petition are in the amount of at least $925,347.20, subject

27    to proof at trial.

28    / / /

68.    Additionally, Plaintiff is informed and believes the Medina Defendants received transfers of the rental income received from the Brant Street Properties after the filing of the bankruptcy petition in the amount of at least $164,684.04.

69.    Plaintiff is informed and believes that each of the post-petition transfers constituted a transfer of property of the estate.

70.    Plaintiff is informed and believes and thereon alleges that each of the post-petition transfers occurred without authorization by this Court or under the Bankruptcy Code.

71.    Plaintiff is informed and believes that other avoidable payments or transfers may have been made to the Medina Defendants and the PBS Defendants and others after the commencement of the bankruptcy case without authorization by this Court or under the Bankruptcy Code.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him or will request that the Court conform the claim to proof at trial.

72.    Pursuant to 11 U.S.C. § 549, Plaintiff may avoid each of the post-petition transfers.

73.    Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoidable under 11 U.S.C. § 549, Plaintiff may recover the value of the property transferred from Defendants.

### SIXTH CLAIM FOR RELIEF
**(Turnover of Property of the Estate - 11 U.S.C. § 542)**

74.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

75.    Plaintiff alleges on information and belief that Defendants are in possession of property of the Debtor's Bankruptcy Estate in the amount of at least $925,347.20 in proceeds from the sale of the Brant Street Properties and in the amount of at least $164,684.04 in proceeds from rental income from the Brant Street Properties or in an amount according to proof at trial.

76.    Plaintiff alleges that the amount of at least $925,347.20 in proceeds from the sale of the Brant Street Properties and the amount of at least $164,684.04 in proceeds from rental income from the Brant Street Properties owed by Defendants is a debt that is property of the estate, that is matured, payable on demand, or payable on order, and that Defendants are required to pay such debt to Plaintiff.

77.    Plaintiff is entitled to recover the sum of at least $925,347.20 in proceeds from the sale of the Brant Street Properties and the sum of at least $164,684.04 in proceeds from rental income from the Brant Street Properties or other amount according to proof at trial, for the benefit of the estate pursuant to 11 U.S.C. § 550.

**SEVENTH CLAIM FOR RELIEF**
**(Accounting )**

78.    Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of this Complaint as though fully set forth herein.

79.    Plaintiff alleges on information and belief that Defendants are in possession of property of the Debtor's Bankruptcy Estate in the amount of at least $925,347.20 in proceeds from the sale of the Brant Street Properties and in the amount of at least $164,684.04 in proceeds from rental income from the Brant Street Properties.  Plaintiff is informed and believes that additional Rental Income was collected from the Brant Street Properties in 2014.

80.    Plaintiff is entitled to a full accounting of the Rental Income received from the Brant Street Properties.

81.    Plaintiff is also entitled to a full accounting of the proceeds from the sale of the Brant Street Properties.

**EIGHTH CLAIM FOR RELIEF**
**(Equitable Subordination of Claims-11 U.S.C. §510(c))**

82.    Plaintiff realleges and incorporates by reference paragraphs 1 through 44  of this Complaint as though fully set forth herein.

/ / /

83.     Plaintiff is informed and believes that the Medina Defendants will seek allowance of the Medina Family Trust Proof of Claim.

84.     Plaintiff is informed and believes that grounds exist for the Court to subordinate, for the purposes of distribution all or any part of the Medina Defendant's claim, to the extent that any or all the Medina Family Trust Proof of Claim are allowed.

85.     Accordingly, pursuant to 11 U.S.C. § 510(c)(1), and upon allowance of any or all of the Medina Family Trust Proof of Claim, Plaintiff will request that the Medina Family Trust claim be subordinated for the purposes of distribution to all other allowed claims or in the alternative, subordinated to other claims to be designated.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief)**

1.      That Plaintiff is entitled to a judgment declaring that MID Brant Street and all of its assets, including but not limited to the Brant Street Properties and all rental income and sales proceeds derived therefrom are property of the bankruptcy estate.

2.      That Plaintiff is entitled to have all of the assets and proceeds from the assets of MID Brant Street and the Brant Street Properties turned over to him.

3.      For such other relief to Plaintiff as the Court deems necessary and proper.

4.      If appropriate, for attorney's fees and costs.

**SECOND CLAIM FOR RELIEF**
**(Avoidance and Recovery of Preferential Transfers - 11 U.S.C. §§ 547 and 550)**

1.      That the preferential transfers identified in the Second Claim for Relief and made within the applicable preference period be avoided as preferential transfers pursuant to 11 U.S.C.§ 547, in an amount according to proof at trial;

2.      That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such

property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.    For such other relief to Plaintiff as the Court deems necessary and proper; and

4.    If appropriate, attorney's fees and costs to Plaintiff.

**THIRD CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Conveyance - 11 U.S.C. §§ 548 and 550)**

1.    That the fraudulent transfers identified in the Third Claim for Relief, be avoided as fraudulent transfers pursuant to 11 U.S.C.§ 548, in an amount according to proof at trial;

2.    That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.    For such other relief to Plaintiff as the Court deems necessary and proper; and

4.    If appropriate, attorney's fees and costs to Plaintiff.

**FOURTH CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550**
**and California Civil Code §§ 3439.04 and 3439.05)**

1.    That the fraudulent transfers identified in the Fourth Claim for Relief  be avoided as fraudulent transfers pursuant to California Civil Code §§ 3439.04 and 3439.05, in an amount according to proof at trial;

2.    That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose

benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.   For such other relief to Plaintiff as the Court deems necessary and proper; and

4.   If appropriate, attorney's fees and costs to Plaintiff.

### FIFTH CLAIM FOR RELIEF
**(Avoidance and Recovery of Post-Petition Transfers - 11 U.S.C. §§ 549 and 550)**

1.   That the transfers identified in the Fifth Claim for Relief be avoided as post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550 in an amount according to proof at trial;

2.   That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.   For such other relief to Plaintiff as the Court deem s necessary and proper;

4.   If appropriate, attorney's fees and costs to Plaintiff.

### SIXTH CLAIM FOR RELIEF
**(Turnover of Property of the Estate - 11 U.S.C. § 542)**

1.   For turnover by the Defendants of the transfers of the Debtor's property in the amount of at least $in the amount of at least $925,347.20 in proceeds from the sale of the Brant Street Properties and in the amount of at least $164,684.04 in proceeds from rental income from the Brant Street Properties or in an amount according to proof at trial, for the benefit of the estate;

2.   For such other relief as the Court deems necessary and proper; and

3.   If appropriate, attorney's fees and costs to Plaintiff.

/ / /

/ / /

/ / /

**SEVENTH CLAIM FOR RELIEF**
**(Accounting )**

1.    For an accounting of the amounts received by Defendants from the Debtor;

2.    For such other relief to Plaintiff as the Court deem s necessary and proper;

3.    If appropriate, attorney's fees and costs to Plaintiff.

**EIGHTH CLAIM FOR RELIEF**
**(Equitable Subordination of Claims -11 U.S.C. § 510(c))**

1.    Pursuant to 11 U.S.C. § 510(c)(1), an order, upon allowance of any or all of the Medina Family Trust Proof of Claim, for subordination of the Medina Family Trust Proof of Claim for the purposes of distribution to all other allowed claims or in the alternative, for subordination of the Medina Family Trust Proof of Claim to other claims to be designated;

2.    For such other relief to Plaintiff as the Court deems necessary and proper;

3.    If appropriate, attorney's fees and costs to Plaintiff.

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: December 5, 2014          By: /s/William P. Fennell
                                      William P. Fennell, Esq.
                                      Attorneys for Ronald E. Stadtmueller, Chapter 7 Trustee