1    William P. Fennell, Esq. (SBN 164210)
Of Counsel: Melissa A. Blackburn Joniaux (SBN 105470)

2    LAW OFFICE OF WILLIAM P. FENNELL, APLC
401 West A Street, Suite 1800

3    San Diego, CA  92101
Tel: (619) 325-1560

4    Fax: (619) 325-1558

5    Attorneys for Ronald E. Stadtmueller, Chapter 7 Trustee

6

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re | ) Case No. 12-13764-LT7 |
| | ) |
| RUDOLPH MEDINA | ) Adversary No.  14-90226-LT |
| aka RUDY MEDINA | ) |
| | ) |
|                 Debtor. | ) **AMENDED COMPLAINT FOR** |
| | ) **DECLARATORY RELIEF; TO AVOID** |
| | ) **AND RECOVER PREFERENTIAL** |
| ———————————————————— | ) **TRANSFERS; TO AVOID AND** |
| RONALD E. STADTMUELLER, | ) **RECOVER FRAUDULENT** |
| Chapter 7 Trustee, | ) **TRANSFERS; TO AVOID AND** |
| | ) **RECOVER POST-PETITION** |
| | ) **TRANSFERS; FOR TURNOVER OF** |
|                 Plaintiff, | ) **PROPERTY OF THE ESTATE; FOR** |
| | ) **AN ACCOUNTING; FOR EQUITABLE** |
| v. | ) **SUBORDINATION** |
| | ) |
| CAROLYN MEDINA, Individually and | ) |
| AS TRUSTEE OF THE MEDINA | ) |
| FAMILY TRUST DATED 9/16/1998; | ) |
| RUDOLPH MEDINA aka RUDY | ) |
| MEDINA; MID BRANT STREET, LLC, a | ) |
| Delaware limited liability company; | ) |
| MEDINA INVESTMENTS & | ) |
| DEVELOPMENT, INC., a California | ) |
| corporation; MEDINA CAPITAL | ) |
| GROUP, LLC, a California limited | ) |
| liability company; PBS REAL ESTATE | ) |
| INVESTMENTS, LLC, a California | ) |
| limited liability company; PBS | ) |
| CONSTRUCTION SERVICES, INC., a | ) |
| California corporation, | ) |
| | ) |
|                 Defendants. | ) |
| | ) |
| ———————————————————— | ) |

1    Plaintiff, Ronald E. Stadtmueller, the Chapter 7 Trustee ("Trustee" or "Plaintiff"),

2    of the Bankruptcy Estate of *In re Rudolph Medina aka Rudy Medina* alleges as follows:

3    **JURISDICTION/VENUE**

4    1.    This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A),

5    (B), (C),  (E), (F), (H), and (O).  This Court has jurisdiction over the subject matter of this

6    adversary proceeding based on 28 U.S.C. §§ 157(a) and 1334(b) and General Order 312-

7    D of the United States District Court, Southern District of California.

8    2.    Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding is

9    related to the Debtor's bankruptcy case, which is still pending.

10    3.    This action is an adversary proceeding within the meaning of Federal Rule

11    of Bankruptcy Procedure 7001(1), 7001(2), 7001(8) and 7001(9).

12    **GENERAL ALLEGATIONS**

13    4.    Rudolph Medina aka Rudy Medina (the "Debtor") filed his Chapter 11

14    bankruptcy proceeding on October 11, 2012 ("Petition Date").

15    5.    The Debtor's bankruptcy proceeding was converted to one under Chapter 7

16    on or about September 4, 2013, at which time the Plaintiff was appointed as the Chapter 7

17    Trustee of the Debtor's Bankruptcy Estate pending in this District as Case No. 12-13764-

18    LT7.

19    6.    Accordingly, Plaintiff  is the duly authorized representative of the Debtor's

20    Bankruptcy Estate pursuant to Section 704 of the Bankruptcy Code.

21    7.    Plaintiff is informed and believes that Carolyn Medina ('C. Medina") is the

22    Debtor's mother, is sued in this action in her individual capacity and as Trustee of the

23    Medina Family Trust dated 9/16/1998 ("Medina Family Trust") and in these collective

24    capacities is referred to herein as the "Medina Defendants."   At all times alleged herein,

25    the Medina Defendants were insiders of the Debtor within the meaning of 11 U.S.C. §

26    101(31).

27    8.    Plaintiff is informed and believes that Medina Investments & Development,

28    Inc. ("Medina Investments" or "Managing Member") is a California corporation and that

1    according to the Domestic Stock Corporation Certificate of Dissolution for Medina

2    Investments filed with the California Secretary of State and executed under penalty of

3    perjury by the Debtor,  the "corporation has been completely wound up and is dissolved"

4    as of December 16, 2011 and the "corporation never acquired any known assets."

5        9.    Plaintiff is informed and believes that Medina Capital Group, LLC

6    ("Medina Capital Group" or "Investor Member") is a California limited liability company

7    and that, according to information obtained from the California Secretary of State, Medina

8    Capital Group's status is "Suspended."

9        10.    Plaintiff is informed and believes that, according to the MID Brant Street

10    LLC Operating Agreement dated August 3, 2007 ("MID Brant Operating Agreement"),

11    MID Brant Street, LLC ("MID Brant Street") was formed as a Delaware limited liability

12    company and the MID Brant Operating Agreement was entered into between Medina

13    Investments as Managing Member and Medina Capital Group as Investor Member.

14        11.    Plaintiff is further informed and believes that, according to the MID Brant

15    Operating Agreement, it was formed for the purpose of the development, financing,

16    construction and sale of four condominiums located on Brant Street and West Juniper

17    Street and commonly known as 408 W. Juniper Street ("408 W. Juniper"), 414 W. Juniper

18    Street ("414 W. Juniper"), 2300 Brant Street ("2300 Brant Street") and 2306 Brant Street

19    (2306 Brant").  (408 W. Juniper, 414 W. Juniper, 2300 Brant Street and 2306 Brant Street

20    are collectively known as the "Brant Street Property").

21        12.    Plaintiff is informed and believes that the Debtor was the 100% owner and

22    President of Medina Investments, the Managing Member of MID Brant Street, and

23    therefore, the Medina Investment was an insider of the Debtor.

24        13.    Plaintiff is informed and believes that the Debtor was the 50% owner and

25    Manager of the Medina Capital Group, the Investor Member of MID Brant Street, and

26    therefore, the Medina Capital Group was an insider of the Debtor.

27        14.    Plaintiff is informed and believes that,  MID Brant Street is, and at all

28    relevant times was, controlled by the Debtor and, as a result of the Debtor's interest in and

1    control of MID Brant Street, it is an insider of the Debtor.

2        15.    Plaintiff is informed and believes that PBS Construction Services, Inc.

3    ("PBS Construction") was formed on or about October 9, 2013, was not licensed as

4    contractor by the State of California and is an entity controlled by the Debtor.

5        16.    Plaintiff is informed and believes that PBS Real Estate Investments LLC

6    ("PBS Investments") was formed as a California limited liability company on or about

7    August 14, 2013, that the Debtor is a Member of PBS Investments, that PBS Investments

8    is an entity controlled by the Debtor and that it is an insider of the Debtor within the

9    meaning of 11 U.S.C. §101(31).

10        **THE DEBTOR'S INTEREST IN THE MEDINA FAMILY TRUST WAS NOT
DISCLOSED IN THE BANKRUPTCY PROCEEDING**

11

12        17.    Plaintiff is informed and believes that the Regents Bank Personal Financial

13    Statement of Rudolph Medina dated 12-31-2009 (the "Medina 2009 Financial Statement")

14    was verified by the Debtor and included as an attachment the "Financial Statement Medina

15    Family Trust/Rudy Medina 12.31.2009" and the description of the "Real Estate Owned"

16    was "Brant Street-4 units" and the Ownership was described as "100% Owner".

17        18.    Plaintiff is also informed and believes that the Regents Bank Personal

18    Financial Statement of Rudolph Medina dated 9-17-2010 (the "Medina 2010 Financial

19    Statement") was verified by the Debtor and included as an attachment the "Financial

20    Statement Medina Family Trust/Rudy Medina 06.030.2010*(sic)*" and the description of the

21    "Real Estate Owned" was "Brant Street-4 units" and the Ownership was described as

22    "100% Owner".

23        19.    Plaintiff is informed and believes that the Debtor's interest in the Medina

24    Family Trust was not disclosed in the schedules and statements filed by the Debtor in the

25    Chapter 7 and in the Chapter 11 proceedings.

26    / / /

27    / / /

28    / / /

- 4 -

**THE DEBTOR'S STATEMENTS UNDER PENALTY OF PERJURY REGARDING THE ALLEGED TRANSFER OF THE DEBTOR'S INTEREST IN THE BRANT STREET PROPERTY**

20.    Plaintiff is informed and believes that, in response to Question 10 of the Debtor's Statement of Financial Affairs the Debtor declared, under penalty of perjury, that "2300-2306 Brant St. 408-414 W. Juniper San Diego, CA 92101" had been transferred from the Debtor to the Medina Family Trust on May 20, 2011.

21.    Plaintiff is informed and believes that subsequently, the Debtor filed two Amendments to the Statement of Financial Affairs in the Chapter 11 proceeding and the information regarding the transfer of the Brant Street Property from the Debtor to the Medina Family Trust remained unchanged, i.e., the Debtor declared that "2300-2306 Brant St. 408-414 W. Juniper San Diego, CA 92101" had been transferred from the Debtor to the Medina Family Trust on May 20, 2011.

22.    Plaintiff is informed and believes that, on September 30, 2013, after the conversion of Debtor's case to one under Chapter 7, the Debtor filed his Chapter 7 Statement of Affairs and responded to Question No. 10 with the exact same information regarding the transfer of the Brant Street Property from the Debtor to the Medina Family Trust, i.e., the Debtor declared that "2300-2306 Brant St. 408-414 W. Juniper San Diego, CA 92101" had been transferred from the Debtor to the Medina Family Trust on May 20, 2011.

23.    Plaintiff is informed and believes that the Debtor did not effectively transfer his interest in MID Brant Street or the Brant Street Property on May 20, 2011.

24.    Plaintiff is further informed and believes that Debtor's interest in MID Brant Street and the Brant Street Properties became property of the bankruptcy estate upon the filing of the bankruptcy proceeding by the Debtor on October 11, 2012.

25.    Plaintiff is further informed and believes that the Debtor's interests in the Medina Family Trust and the Brant Street Property were not listed in Schedules A and B of the Schedules filed by the Debtor in his Chapter 11 or Chapter 7 proceedings.

/ / /

26.    Plaintiff is informed and believes that, even if the Debtor's interests in MID Brant Street or the Brant Street Property were transferred, at some point, to the Medina Family Trust, they were not transferred until, at the earliest, July 6, 2012 which was within one year prior to the filing of the Debtor's bankruptcy petition on October 11, 2012.

27.    Plaintiff is also informed and believes that, if the Debtor did transfer his interests in MID Brant Street and the Brant Street Property, then the Medina Family Trust did not provide consideration to the Debtor for the alleged transfer.

**THE MID BRANT STREET OPERATING AGREEMENTS**

28.    Plaintiff is informed and believes that, according to the language of the MID Brant Street Operating Agreement, reimbursement to Medina Investments for the $92,000 deposit required for the Brant Street Property acquisition, and approximately $150,000 for architectural and engineering costs related to the Brant Street Property and reasonable attorneys fees and costs was required as a condition to the receipt by the Medina Capital Group of its Capital Percentages and Profits Percentages.

29.    Plaintiff is informed and believes that the Debtor has produced multiple varying versions of documents purporting to amend the MID Brant Street Operating Agreement which are entitled the Amended and Restated MID Brant Street, LLC Operating Agreement ("Amended Operating Agreement") including an unsigned version with a date of October 11, 2011, a version with a date of May 11, 2011 and a version with a date of July 6, 2012, which version was ninety-seven (97) days before the Debtor's bankruptcy filing.

30.    Plaintiff is informed and believes that Paragraph B of the Amended Operating Agreement states that "It is the intent of Rudolph R. Medina to convert this Limited Liability Company to a single member LLC" and this demonstrates the Debtor's dominion and control over, and the sham existence of, the Managing Member, the Investor Member and MID Brant Street.

31.    Plaintiff is informed and believes that Paragraph A of the Amended Operating Agreement provides that the Medina Family Trust became the sole member and

1  manager of MID Brant Street as a result of an alleged buy out of members of MID Brant

2  Street.

3         32.    Plaintiff is informed and believes that no consideration was paid by the

4  Medina Family Trust for the alleged transfer to it of the interest in MID Brant Street and

5  that, as reflected in the Capital Account Reconciliation for the MID Brant Street 2012

6  Partnership Return dated April 5, 2013, $1,442,015 was simply transferred from the

7  Capital Account for the Medina Capital Group to the Capital Account for the Medina

8  Family Trust.

9         33.    Plaintiff is informed and believes Medina Investments did not receive the

10  reimbursement for the $92,000 deposit required for the Brant Street Property acquisition,

11  and approximately $150,000 for architectural and engineering costs related to  the Brant

12  Street Property and reasonable attorneys fees and costs.

13         34.    Plaintiff is further informed and believes that the transfers that were

14  contemplated in the various varying versions of the alleged Amended Operating

15  Agreement were for the express purpose of concealing and not disclosing the Debtor's

16  interest in MID Brant Street and the Brant Street Property in the Debtor's bankruptcy

17  proceeding.

18         35.    Plaintiff is informed and believes that, despite the language in the Amended

19  Operating Agreement and in subsequent Operating Agreements, the Debtor continued to

20  exercise dominion and control over MID Brant Street, the Brant Street Property and the

21  income derived therefrom.

22                **REPAYMENT OF CAROLYN MEDINA'S INVESTMENT**

23         36.    Plaintiff is informed and believes that, on or about May 27, 2011, a

24  commercial unsecured loan represented by a Promissory Note in the principal amount of

25  $350,000 was made by Regents Bank to C. Medina, individually ("$350,000 Medina

26  Investment Loan").

27  / / /

28  / / /

37.     Plaintiff is further informed and believes that C. Medina as Trustee of the Medina Family Trust provided a Commercial Guarantee of the $350,000 Medina Investment Loan.

38.     Plaintiff is further informed and believes that the $350,000 Medina Investment Loan was obtained by C. Medina for her real estate investment in the Brant Street Property.

39.     Plaintiff is informed and believes that subsequent to the filing of the Debtor's bankruptcy petition and on or about July 26, 2013, the $350,000 Medina Investment Loan was paid off through financing obtained by MID Brant Street from Seattle Funding Group of California additionally increasing the alleged liabilities against the Debtor's interest in MID Brant Street or the Brant Street Property.

40.     Plaintiff is informed and believes that no consideration was given to MID Brant Street or the Debtor by the Medina Defendants for the payment of the $350,000 Medina Investment Loan by MID Brant Street ahead of other creditors.

**THE DISPOSITION OF RENTAL PROCEEDS FROM THE BRANT STREET PROPERTY**

41.     Plaintiff is informed and believes that substantial rental income was produced by the Brant Street Property and Plaintiff has not received verified substantiation of the appropriate disposition of rental proceeds.

42.     Plaintiff is further informed and believes that the Notice of Completion for the Brant Street Property was filed on July 27, 2010 and that, the alleged subsequent and substantial construction expenses were actually funds diverted from MID Brant Street to Defendants in an amount to be proven at trial.

**THE DISPOSITION OF PROCEEDS FROM THE SALE OF THE BRANT STREET PROPERTY**

43.     Plaintiff is informed and believes that on February 7, 2014 that portion of the Brant Street Property commonly known as 414 W. Juniper Street was sold and after payoff of the first mortgage to Seattle Funding Group of California, MID Brant Street received

net proceeds of at least $47,697.87 or an amount according to proof at trial.

44.    Plaintiff is informed and believes that on March 14, 2014 that portion of the Brant Street Property commonly known as 408 W. Juniper Street was sold and after payoff of the first mortgage to Seattle Funding Group of California, MID Brant Street received net proceeds of at least $24,923.86 or an amount according to proof at trial.

45.    Plaintiff is also informed and believes the settlement charges from the 408 W. Juniper sales proceeds included payments in the amount of $16,949.00 and $9,378.50 to PBS Construction Services without receipt by the Debtor of value or equivalent exchange.

46.    Plaintiff is informed and believes that on September 18, 2014 that portion of the Brant Street Property commonly known as 2300 Brant Street was sold and after payoff of the first mortgage to Seattle Funding Group of California, MID Brant Street received net proceeds of at least $35,238.85 or an amount according to proof at trial.

47.    Plaintiff is also informed and believes the settlement charges from the 2300 Brant Street sales proceeds included payments in the amount of $27,669.94 to PBS Investments without receipt by the Debtor of value or an equivalent exchange.

48.    Plaintiff is informed and believes that on October 29, 2014 that portion of the Brant Street Property commonly known as 2306 Brant Street was sold.  The first mortgage to Seattle Funding Group of California which had encumbered the Brant Street Property had been paid off with the previous sales and accordingly, MID Brant Street received net proceeds of at least $773,113.04 or an amount according to proof at trial.

49.    Plaintiff is also informed and believes from the sales proceeds of 2306 Brant Street, $15,300.00 was paid to PBS Construction Services for a Mechanic's Lien which was recorded on October 29, 2014, the same day that the sale closed and over four years after construction was completed pursuant to the Notice of Completion of the Brant Street Properties which was recorded as Document No. 2010-0377699 with the San Diego County Recorder's Office.

50.    Despite demand therefore, Plaintiff has not received a full, detailed, verified

accounting of all refinancing, rental and sales proceeds alleged to have been paid to insiders, third parties and alleged investors and Plaintiff is informed and believes that the proceeds from the refinancing, rental and sales have been diverted by the Defendants to their own personal use.

### THE MEDINA FAMILY TRUST PROOF OF CLAIM

51.     Plaintiff is informed and believes that, on August 20, 2012, the Medina Family Trust filed a Complaint in the San Diego Superior Court as Case No. 37-2012-00102632-CU-CO-CTL ("Medina Family Trust Action") against the Debtor and the Medina Capital Group alleging Common Counts for "money had and received", "money lent" and "money paid out" and seeking the sum of $3,000,000.

52.     Plaintiff is informed and believes that eight (8) days later and forty-four (44) days prior to the filing of the Debtor's bankruptcy petition, the Debtor stipulated to a $3,000,435 judgment ("Stipulated Judgment") against the Debtor and the Medina Capital Group in the Medina Family Trust Action.

53.     Plaintiff is informed and believes that on December 19, 2012, the Medina Family Trust filed a Proof of Claim (Docket Claim No. 10-1) ("Proof of Claim")  in the amount of $3,000,435 and the "Basis for Claim" was stated to be the Stipulated Judgment in the Medina Family Trust Action.

54.     Plaintiff is informed and believes that the Medina Family Trust Action, the Stipulated Judgment and the Proof of Claim do not contain any itemization of the claim asserted to be in excess of three million dollars ($3,000,000) and Plaintiff has not been provide with a verified itemization and substantiation of the amounts claimed.

### FIRST CLAIM FOR RELIEF
#### (Declaratory Relief)

55.     Plaintiff realleges and incorporates by this reference Paragraphs 1 through 54  of this Complaint as fully set forth herein.

56.     Plaintiff alleges that, as set forth in this Claim for Relief, an actual controversy has arisen and now exists between Plaintiff and the Debtor, MID Brant Street,

1   Medina Investments, Medina Capital and the Medina Defendants.

2      57.    Plaintiff is informed and believes that, as a Delaware limited liability

3   company, MID Brant Street would have been formed under and governed by the Limited

4   Liability Company Act, Title 6, Article 18, Sections 18-101 et seq., of the Delaware Code.

5      58.    Plaintiff is informed and believes that, as a California corporation, Medina

6   Investments would have been formed under and governed by Title 1 of the California

7   Corporations Code.

8      59.    Plaintiff is informed and believes that, as a California limited liability,

9   Medina Capital would have been formed under and governed by the California Revised

10  Uniform Limited Liability Company Act, Title 2.6 of the California Corporations Code.

11     60.    Plaintiff is informed and believes that the Debtor claims to have transferred

12  the ownership interest of Medina Investments and Medina Capital in MID Brant Street or

13  in the Brant Street Property to the Medina Family Trust.

14     61.    Plaintiff is informed and believes that the Debtor did not carry out the legal

15  requisites under the applicable provisions of the Delaware Code or the California

16  Corporations Code necessary to transfer the interests of Medina Investments and/or

17  Medina Capital to the Medina Family Trust.

18     62.    Plaintiff is informed and believes that, at all times relevant to this Complaint,

19  and in particular, subsequent to May 20, 2011, the Debtor retained and enjoyed, for his

20  own personal use, full beneficial, ownership, control and management over the assets and

21  affairs of MID Brant Street, including but not limited to the Brant Street Property and the

22  disposition of any and all proceeds from the refinancing, rental or sale of the Brant Street

23  Property.

24     63.    Plaintiff is informed and believes and thereon alleges that the purported

25  transfers of the Debtor's interests in MID Brant Street and the Brant Street Property were

26  sham transactions because Debtor continued to exercise full managerial control over MID

27  Brant Street and the Brant Street Property subsequent to May 20, 2011 and because Debtor

28  failed to carry out all of the formal steps necessary under the applicable provisions of the

1  Delaware Code and the California Corporations Code to transfer ownership and control

2  over MID Brant Street to the Medina Family Trust.

3      64.    Plaintiff is further informed and believes that Debtor continued to enjoy

4  beneficial ownership of MID Brant Street and the Brant Street Property in the form of

5  withdrawing money from it, that neither legal nor equitable ownership of MID Brant

6  Street and its assets, including but not limited to the Brant Street Property and the proceeds

7  from the refinancing, rental and sales derived therefrom ever passed from the Debtor to the

8  Medina Family Trust so that from the time of the filing of the Debtor's bankruptcy petition

9  on October 11, 2012 , MID Brant Street and its assets, including but not limited to the

10 Brant Street Property and the refinancing, rental sales proceeds  derived therefrom were

11 property of the Debtor's bankruptcy estate.

12     65.    Plaintiff is informed and believes that the Debtor, Medina Investments,

13 Medina Capital and the Medina Defendants dispute Plaintiff's contentions as set forth in

14 Paragraphs 60 to Paragraphs 64 and therefore a judicial declaration is necessary and

15 appropriate at this time that MID Brant Street and any and all of its assets including, but

16 not limited to, the Brant Street Property and the rental income and sales proceeds derived

17 therefrom are property of the Debtor's bankruptcy estate under 11 U.S.C. §541 that are

18 subject to recovery by the Plaintiff for the benefit of the estate.

19                        **SECOND CLAIM FOR RELIEF**
   **(Avoidance and Recovery of Preferential Transfer - 11 U.S.C. §§ 547 and 550)**
20

21     66.    Plaintiff realleges and incorporates by this reference Paragraphs 1 through

22 65  of this Complaint as fully set forth herein.

23     67.    Plaintiff is informed and believes that, if the transfer of the Debtor's interest

24 in MID Brant Street and its assets, including but not limited to the Brant Street Property, is

25 determined to be effective, then the transfer occurred within one year prior to the filing of

26 the Debtor's bankruptcy petition to an insider of the Debtor.

27     68.    Plaintiff is informed and believes that, if the transfer of the Debtor's interest

28 in MID Brant Street and its assets, including but not limited to the Brant Street Property is

1    determined to be effective, then the transfer of the Debtor's interest was made to or for the

2    benefit of Medina Defendants for or on account of an antecedent debt owed by the Debtor

3    before the transfer was made.

4          69.    Plaintiff is informed and believes that, if the transfer of the Debtor's interest

5    in MID Brant Street and its assets, including but not limited to the Brant Street Property, is

6    determined to be effective, then the transfer of the Debtor's interest was made while the

7    Debtor was insolvent.

8          70.    Plaintiff is informed and believes that, if the transfer of the Debtor's interest

9    in MID Brant Street and its assets, including but not limited to the Brant Street Property is

10   determined to be effective, then the transfer of the Debtor's interest enabled the Medina

11   Defendants to receive more than the Medina Defendants would receive if —

12           (A)    the case were a case under chapter 7 of this title;

13           (B)    the transfers had not been made; and

14           (C)    such creditor received payment of such debt to the extent provided by

15                  the provisions of Chapter 7 of the Bankruptcy Code.

16         71.    Accordingly, Plaintiff is informed and believes that the transfer of the

17   Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant

18   Street Property constitutes a preferential transfer under 11 U.S.C. § 547(b) and is therefore

19   avoidable by Plaintiff.

20         72.    Pursuant to 11 U.S.C. §550, upon avoidance of the transfer of the Debtor's

21   interest in MID Brant Street and its assets, including but not limited to the Brant Street

22   Property, Plaintiff is entitled to recover for the benefit of the Estate, the property

23   transferred, or, if the Court so orders, the value of such property, from (a) the initial

24   transferee of such transfer or the entity for whose benefit such transfer was made; or (b)

25   any immediate or mediate transferee of such initial transferee.

26   ///

27   ///

28   ///

**THIRD CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Conveyance - 11 U.S.C. §§ 548 and 550)**

73.    Plaintiff realleges and incorporates by reference paragraphs 1 through 65 of this Complaint as though fully set forth herein.

74.    Plaintiff alleges on information and belief that if the transfer of the Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant Street Property is determined to be effective, then the transfer was made within two years before the date of the bankruptcy filing and the Debtor voluntarily made such transfers or incurred such obligations with the actual intent to hinder, delay, or defraud an entity which was or became on or after the date such transfers were made or such obligations incurred, indebted to the Debtor.

75.    Plaintiff alternatively alleges on information and belief that the Debtor received less than reasonably equivalent value in exchange for such transfers or obligations and was insolvent on the date that such transfers were made or such obligations were incurred, or became insolvent as a result of such transfers or obligation; was engaged in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; and intended to incur or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

76.    Plaintiff also alleges that such transfers were made to or the benefit of the Medina Defendants who are insiders of the Debtor.

77.    Plaintiff is informed and believes that other payments or transfers may have been made to the Medina Defendants which are subject to avoidance and recovery as fraudulent transfers.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his Complaint to reflect such transfers at such time as the information becomes available to him or request that the Court conform the claim to proof at trial.

78.    Pursuant to 11 U.S.C. § 550, Plaintiff is authorized to avoid the transfers identified herein and may recover for the benefit of the Estate the property transferred or,

if the Court so orders, the value of such property.

**FOURTH CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439.04 and 3439.05)**

79.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

80.     Plaintiff has the authority of a lien creditor pursuant to § 544(b) of Title 11 of the United States Code to avoid the transfers alleged herein.

81.     There was and is at least one unsecured creditor of this estate holding an allowable claim under 11 U.S.C. § 502, who was a creditor at the time of the transfer alleged herein, and the transfer alleged herein is voidable by such unsecured creditor under the California Uniform Fraudulent Transfer Act, Civil Code § 3439.01, et. seq, including, without limitation, § 3439.04 and/or § 3439.05.

82.     Within four years of the bankruptcy filing, if the transfer of the Debtor's interest in MID Brant Street and its assets, including but not limited to the Brant Street Property is determined to be effective, then the Debtor transferred his interest in the Medina Defendants in an amount subject to proof at time of trial.

83.     Plaintiff is informed and believes that other payments or transfers may have been made to the Medina Defendants which are subject to avoidance and recovery as fraudulent transfers.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his Complaint to reflect such transfers at such time as the information becomes available to him or request that the Court conform the claim to proof at trial.

84.     Plaintiff alleges on information and belief that the transfers to the Medina Defendants, as alleged herein, were made by the Debtor (a) with actual intent to hinder, delay, or defraud a creditor of the Debtor; (b) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtor: (1) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or (2) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his

1   ability to pay as they became due.

2       85.    Plaintiff alleges on information and belief that the transfer to the Medina

3   Defendants was made without the Debtor receiving reasonably equivalent value in

4   exchange for the transfer and the Debtor was insolvent at the time, or the Debtor became

5   insolvent as a result of the transfer.

6       86.    The transfers alleged herein are avoidable by the Trustee pursuant to

7   California Civil Code §§ 3439.04, 3439.05 and 3439.07(a)(1).  As a result, the Trustee

8   may recover the value of the asset transferred from (1) the first transferee of the asset or

9   the person for whose benefit the transfer was made; or (2) any subsequent transferee, other

10  than a good faith transferee who took for value or from any subsequent transferee.

11  **FIFTH CLAIM FOR RELIEF**

12  **(Avoidance and Recovery of Post-Petition Transfers - 11 U.S.C. § 549 and 542)**

13      87.    Plaintiff realleges and incorporates by reference paragraphs 1 through 65 of

14  this Complaint as though fully set forth herein.

15      88.    Plaintiff is informed and believes that post-petition transfers made to the

16  Medina Defendants and the PBS Construction and PBS Investments from the sale of the

17  Brant Street Property after the filing of the bankruptcy petition are in the cumulative

18  amount of $925,347.20 or in an amount subject to proof at trial.

19      89.    Additionally, Plaintiff is informed and believes the Medina Defendants

20  received transfers of the rental income received from the Brant Street Property after the

21  filing of the bankruptcy petition in the amount of $164,684.04 or in an amount subject to

22  proof at trial.

23      90.    Plaintiff is informed and believes that each of the post-petition transfers

24  constituted a transfer of property of the estate.

25      91.    Plaintiff is informed and believes and thereon alleges that each of the post-

26  petition transfers occurred without authorization by this Court or under the Bankruptcy

27  Code.

28  / / /

92.     Plaintiff is informed and believes that other avoidable payments or transfers may have been made to the Medina Defendants and the PBS Defendants and others after the commencement of the bankruptcy case without authorization by this Court or under the Bankruptcy Code.  Such payments or transfers are unknown to Plaintiff at this time and Plaintiff will amend his complaint to reflect such transfers at such time as the information becomes available to him or will request that the Court conform the claim to proof at trial.

93.     Pursuant to 11 U.S.C. § 549, Plaintiff may avoid each of the post-petition transfers.

94.     Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoidable under 11 U.S.C. § 549, Plaintiff may recover the value of the property transferred from Defendants.

**SIXTH CLAIM FOR RELIEF**
**(Turnover of Property of the Estate - 11 U.S.C. § 542)**

95.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 65 of this Complaint as though fully set forth herein.

96.     Plaintiff alleges on information and belief that Defendants are in possession of property of the Debtor's Bankruptcy Estate in the amount of at least $925,347.20 in proceeds from the sale of the Brant Street Property and in the amount of at least $164,684.04 in proceeds from rental income from the Brant Street Property or in an amount according to proof at trial.

97.     Plaintiff alleges that the amount of at least $925,347.20 in proceeds from the sale of the Brant Street Property and the amount of at least $164,684.04 in proceeds from rental income from the Brant Street Property owed by Defendants is a debt that is property of the estate, that is matured, payable on demand, or payable on order, and that Defendants are required to pay such debt to Plaintiff.

98.     Plaintiff is entitled to recover the sum of at least $925,347.20 in proceeds from the sale of the Brant Street Property and the sum of at least $164,684.04 in proceeds from rental income from the Brant Street Property or other amount according to proof at

1    trial, for the benefit of the estate pursuant to 11 U.S.C. § 550.

2                          **SEVENTH CLAIM FOR RELIEF**
                                  **(Accounting )**
3

4        99.    Plaintiff realleges and incorporates by reference paragraphs 1 through 65 of

5    this Complaint as though fully set forth herein.

6        100.    Plaintiff alleges on information and belief that Defendants are in possession

7    of property of the Debtor's Bankruptcy Estate in the amount of at least $925,347.20 in

8    proceeds from the sale of the Brant Street Property and in the amount of at least

9    $164,684.04 in proceeds from rental income from the Brant Street Property.  Plaintiff is

10   informed and believes that additional Rental Income was collected from the Brant Street

11   Property in 2014.

12       101.    Plaintiff is entitled to a full accounting of the Rental Income received from

13   the Brant Street Property.

14       102.    Plaintiff is also entitled to a full accounting of the proceeds from the sale of

15   the Brant Street Property

16                          **EIGHTH CLAIM FOR RELIEF**
                 **(Equitable Subordination of Claims-11 U.S.C. §510(c))**
17

18       103.    Plaintiff realleges and incorporates by reference paragraphs 1 through 65  of

19   this Complaint as though fully set forth herein.

20       104.    Plaintiff is informed and believes that the Medina Defendants will seek

21   allowance of the Medina Family Trust Proof of Claim.

22       105.    Plaintiff is informed and believes that grounds exist for the Court to

23   subordinate, for the purposes of distribution all or any part of the Medina Defendants'

24   claim, to the extent that any or all the Medina Family Trust Proof of Claim is allowed.

25       106.    Accordingly, pursuant to 11 U.S.C. § 510(c)(1), and upon allowance of any

26   or all of the Medina Family Trust Proof of Claim, Plaintiff will request that the Medina

27   Family Trust claim be subordinated for the purposes of distribution to all other allowed

28   claims or in the alternative, subordinated to other claims to be designated.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief)

1.     That Plaintiff is entitled to a judgment declaring that MID Brant Street and all of its assets, including but not limited to the Brant Street Property and all rental income and sales proceeds derived therefrom are property of the bankruptcy estate.

2.     That Plaintiff is entitled to have all of the assets and proceeds from the assets of MID Brant Street and the Brant Street Property turned over to him.

3.     For such other relief to Plaintiff as the Court deems necessary and proper.

4.     If appropriate, for attorney's fees and costs.

## SECOND CLAIM FOR RELIEF
### (Avoidance and Recovery of Preferential Transfers - 11 U.S.C. §§ 547 and 550)

1.     That the preferential transfers identified in the Second Claim for Relief and made within the applicable preference period be avoided as preferential transfers pursuant to 11 U.S.C.§ 547, in an amount according to proof at trial;

2.     That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.     For such other relief to Plaintiff as the Court deems necessary and proper; and

4.     If appropriate, attorney's fees and costs to Plaintiff.

/ / /

/ / /

/ / /

**THIRD CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Conveyance - 11 U.S.C. §§ 548 and 550)**

1.    That the fraudulent transfers identified in the Third Claim for Relief, be avoided as fraudulent transfers pursuant to 11 U.S.C.§ 548, in an amount according to proof at trial;

2.    That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.    For such other relief to Plaintiff as the Court deems necessary and proper; and

4.    If appropriate, attorney's fees and costs to Plaintiff.

**FOURTH CLAIM FOR RELIEF**
**(Avoidance and Recovery of Fraudulent Conveyance- 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439.04 and 3439.05)**

1.    That the fraudulent transfers identified in the Fourth Claim for Relief  be avoided as fraudulent transfers pursuant to California Civil Code §§ 3439.04 and 3439.05, in an amount according to proof at trial;

2.    That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.    For such other relief to Plaintiff as the Court deems necessary and proper; and

4.    If appropriate, attorney's fees and costs to Plaintiff.

/ / /

/ / /

**FIFTH CLAIM FOR RELIEF**
**(Avoidance and Recovery of Post-Petition Transfers - 11 U.S.C. §§ 549 and 550)**

1.  That the transfers identified in the Fifth Claim for Relief be avoided as post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550 in an amount according to proof at trial;

2.  That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.  For such other relief to Plaintiff as the Court deem s necessary and proper;

4.  If appropriate, attorney's fees and costs to Plaintiff.

**SIXTH CLAIM FOR RELIEF**
**(Turnover of Property of the Estate - 11 U.S.C. § 542)**

1.  For turnover by the Defendants of the transfers of the Debtor's property in the amount of $925,347.20 or an amount as proven at the time of trial in proceeds from the sale of the Brant Street Property and in the amount of $164,684.04 or an amount to be proven at the time of trial in proceeds from rental income from the Brant Street Property for the benefit of the estate;

2.  For such other relief as the Court deems necessary and proper; and

3.  If appropriate, attorney's fees and costs to Plaintiff.

**SEVENTH CLAIM FOR RELIEF**
**(Accounting )**

1.  For an accounting of the amounts received by Defendants from the Debtor;

2.  For such other relief to Plaintiff as the Court deem s necessary and proper;

3.  If appropriate, attorney's fees and costs to Plaintiff.

/ / /

/ / /

**EIGHTH CLAIM FOR RELIEF**
**(Equitable Subordination of Claims -11 U.S.C. § 510(c))**

1. Pursuant to 11 U.S.C. § 510(c)(1), an order, upon allowance of any or all of the Medina Family Trust Proof of Claim, for subordination of the Medina Family Trust Proof of Claim for the purposes of distribution to all other allowed claims or in the alternative, for subordination of the Medina Family Trust Proof of Claim to other claims to be designated;

2. For such other relief to Plaintiff as the Court deems necessary and proper;

3. If appropriate, attorney's fees and costs to Plaintiff.

LAW OFFICE OF WILLIAM P. FENNELL, APLC

Dated: March 2, 2015          By: /s/William P. Fennell
                              William P. Fennell, Esq.
                              Attorneys for Ronald E. Stadtmueller, Chapter 7
                              Trustee