1

2

3

4 | William P. Fennell, Esq. (SBN 164210)
Of Counsel: Melissa A. Blackburn Joniaux (SBN 105470)

5 | LAW OFFICE OF WILLIAM P. FENNELL, APLC
401 West A Street, Suite 1800

6 | San Diego, CA 92101
Tel: (619) 325-1560

7 | Fax: (619) 325-1558

8 | Attorneys for Ronald E. Stadtmueller, Chapter 7 Trustee

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **SOUTHERN DISTRICT OF CALIFORNIA**

11 | In re                                                    )Case No. 12-13764-LT7
                                                                )
12 | RUDOLPH MEDINA                              )Adversary No.  14-90226-LT
aka RUDY MEDINA                                   )
13 |                                                              )Chapter 7
                      Debtor.                             )
14 | _____  )Honorable Laura S. Taylor
RONALD E. STADTMUELLER,          )
15 | Chapter 7 Trustee,                             )
                                                                )
16 |                      Plaintiff,                        )**SECOND AMENDED COMPLAINT**
                                                                )**TO AVOID AND RECOVER POST-**
17 | v.                                                         )**PETITION TRANSFERS; FOR**
                                                                )**TURNOVER OF PROPERTY OF**
18 | CAROLYN MEDINA, Individually     )**THE ESTATE**
and AS TRUSTEE OF THE MEDINA    )
19 | FAMILY TRUST DATED 9/16/1998;  )
RUDOLPH MEDINA aka RUDY           )
20 | MEDINA; MID BRANT STREET,         )
LLC, a Delaware limited liability        )
21 | company; MEDINA INVESTMENTS  )
& DEVELOPMENT, INC., a California )
22 | corporation; MEDINA CAPITAL        )
GROUP, LLC, a California limited       )
23 | liability company; PBS REAL             )
ESTATE INVESTMENTS, LLC, a          )
24 | California limited liability company;  )
PBS CONSTRUCTION SERVICES,      )
25 | INC., a California corporation,           )
                                                                )
26 |                      Defendants.                    )
                                                                )
27 | _____  )

28

1    Plaintiff, Ronald E. Stadtmueller, the Chapter 7 Trustee ("Trustee" or

2    "Plaintiff"), of the Bankruptcy Estate of In re Rudolph Medina aka Rudy Medina

3    alleges as follows:

4                              **JURISDICTION/VENUE**

5        1.    This is a core proceeding within the meaning of 28 U.S.C. §

6    157(b)(2)(A),   (E), and (O).  This Court has jurisdiction over the subject matter of

7    this adversary proceeding based on 28 U.S.C. §§ 157(a) and 1334(b) and General

8    Order 312-D of the United States District Court, Southern District of California.

9        2.    Venue is based on 28 U.S.C. § 1409(a) in that the instant proceeding

10   is related to the Debtor's bankruptcy case, which is still pending.

11       3.    This action is an adversary proceeding within the meaning of Federal

12   Rule of Bankruptcy Procedure 7001(1) and 7001(2).

13                            **GENERAL ALLEGATIONS**

14       4.    Rudolph Medina aka Rudy Medina (the "Debtor") filed his Chapter

15   11 bankruptcy proceeding on October 11, 2012 ("Petition Date").

16       5.    The Debtor's bankruptcy proceeding was converted to one under

17   Chapter 7 on or about September 4, 2013, at which time the Plaintiff was appointed

18   as the Chapter 7 Trustee of the Debtor's Bankruptcy Estate pending in this District

19   as Case No. 12-13764-LT7.

20       6.    Accordingly, Plaintiff  is the duly authorized representative of the

21   Debtor's Bankruptcy Estate pursuant to Section 704 of the Bankruptcy Code.

22       7.    Plaintiff is informed and believes that Defendant Medina Investments

23   & Development, Inc. ("Medina Investments") is a California corporation in which

24   the Debtor owned 100% of the shares prior to filing his petition.

25       8.    Plaintiff is further informed and believes that according to the

26   Domestic Stock Corporation Certificate of Dissolution for Medina Investments

27   filed with the California Secretary of State and executed under penalty of perjury

28   by the Debtor,  the "corporation has been completely wound up and is dissolved"

1   as of December 16, 2011 and that, according to the Debtor,"the corporation never

2   acquired any known assets."

3         9.     Plaintiff is informed and believes that Defendant Medina Capital

4   Group, LLC   ("Medina Capital Group")  is a California limited liability company

5   in which Debtor was the controlling member prior to filing his petition.

6         10.    Plaintiff is further informed and believes that, according to

7   information obtained from the California Secretary of State, Medina Capital

8   Group's status is "Suspended."

9         11.    Plaintiff is informed and believes that Defendant MID Brant Street

10  LLC ("MID Brant Street") is a Delaware limited liability company formed in or

11  about August 2007, under an August 3, 2007 operating agreement  ("MID Brant

12  Operating Agreement").

13        12.    Plaintiff is further informed and believes that under the terms of the

14  MID Brant Operating Agreement, Medina Investments was supposed to be the

15  "Managing Member" and Medina Capital Group was supposed to be the "Investor

16  Member." Plaintiff is further informed that the Debtor, individually, was in actual

17  control of MID Brant Street.

18        13.    Plaintiff is further informed and believes that, according to the MID

19  Brant  Operating Agreement, it was formed for the purpose of the development,

20  financing, construction and sale of four condominiums located on Brant Street and

21  West Juniper Street in San Diego, California and commonly known as 408 W.

22  Juniper Street ("408 W. Juniper"), 414 W. Juniper Street ("414 W. Juniper"), 2300

23  Brant Street ("2300 Brant Street") and 2306 Brant Street (2306 Brant").  (408 W.

24  Juniper, 414 W. Juniper, 2300 Brant Street and 2306 Brant Street are collectively

25  known as the "Brant Street Property").

26        14.    Plaintiff is informed and believes that Defendant PBS Construction

27  Services, Inc. ("PBS Construction") is a California corporation formed on or about

28  October 9, 2013 but that, contrary to its name, it was not licensed by the State of

1    California as a construction contractor.

2        15.    Plaintiff is informed and believes that Defendant PBS Real Estate

3    Investments, LLC ("PBS Real Estate") was formed as a California limited liability

4    company on or about August 14, 2013, and that the Debtor is both a member of

5    PBS Real Estate and that he controls it, and for that reason, it is an "insider" of the

6    Debtor under Bankruptcy Code §101.

7    **THE DEBTOR, MEDINA INVESTMENTS, MEDINA CAPITAL GROUP
     AND MID BRANT STREET ACTED AS A SINGLE BUSINESS**

8    **ENTERPRISE**

9        16.    Plaintiff is informed and believes that, while some of the legal

10   formalities in the California and Delaware Corporations Codes may have been

11   observed in the formation and operation of Medina Investments, Medina Capital

12   Group, and MID Brant Street, that each of these entities were so fully controlled by

13   the Debtor, their assets so commingled with the Debtor's assets, and their creditors

14   so closely identical to the Debtor's creditors, that the Debtor and Medina

15   Investments, Medina Capital Group, and MID Brant Street, were part of a "single

16   business enterprise" as that term is used in bankruptcy and corporate law, or,

17   alternatively, that Medina Investments, Medina Capital, and MID Brant Street were

18   conduits of the Debtor or that Debtor held equitable ownership of their assets, so

19   that any transfer of property to a third party by Medina Investments, Medina

20   Capital Group, or MID Brant Street, whether pre- or post-petition, was a transfer of

21   the Debtor's property.

22       **Debtor's Control Over the Corporate Entities**

23       17.    Plaintiff is informed and believes there are substantial indicia of the

24   Debtor's complete control over Medina Investments, Medina Capital Group, and

25   MID Brant Street, including the following:

26            a.    Plaintiff is informed and believes the Debtor produced multiple

27       and varying versions of the MID Brant Street Operating Agreement,

28       including ones dated May 11, 2011, October 11, 2011, and July 6, 2012, and

- 4 -

1    in each of these the Debtor purported to sign for both parties to the

2    agreement, i.e., Medina Investments or Medina Capital Group on the one

3    hand and MID Brant Street on the other;

4        b.    Plaintiff is informed and believes that in both the October 31,

5    2011 and July 6, 2012 version of the MID Brant Street Operating

6    Agreement, that Medina Investment and/or Medina Capital Group, purported

7    to transfer ownership and control over MID Brant Street to the Medina

8    Family Trust;

9        c.    Plaintiff is informed and believes that Paragraph B in the July 6,

10   2012 version of the MID Brant Street Operating Agreement included the

11   following language regarding the transfer: "It is the intent of Rudolph R.

12   Medina to convert this Limited Liability Company to a single member

13   LLC," which language demonstrates that at a time when the Debtor

14   ostensibly owned only 1% of MID Brant Street, he continued to fully

15   exercise control over it;

16       d.    Plaintiff is informed and believes that the Debtor signed the

17   2013 tax year returns for MID Brant Street as its "managing member" on or

18   about April 14, 2014, approximately two years after he had purported to

19   transfer control and ownership to the Medina Family Trust;

20       e.    Plaintiff is informed and believes that no consideration was

21   paid by the Medina Family Trust for the alleged transfer to it of the interest

22   in MID Brant Street and that, as reflected in the Capital Account

23   Reconciliation for the MID Brant Street 2012 Partnership Return dated April

24   5, 2013, $1,442,015 was simply transferred from the Capital Account for the

25   Medina Capital Group to the Capital Account for the Medina Family Trust,

26   and that this bookkeeping transfer was done at the Debtor's sole discretion.

27   **Creditors' Understanding They Were Dealing with the Debtor at All Times**

28       18.   Plaintiff is informed and believes there are substantial indicia that

1    third parties, including creditors, believed that whenever they were dealing with

2    Medina Investments, or Medina Capital Group, or MID Brant Street, they were in

3    fact dealing with the Debtor, including the following:

4              a.        Plaintiff is informed that in or about June 2012, that Regents

5    Bank (a creditor of both the Debtor and of MID Brant Street), referred to the

6    loan in internal emails as originating with "Rudy" (the Debtor) and that

7    "Rudy" (the Debtor) was the signatory on the loan documents, again, at a

8    time when he had supposedly transferred ownership and control of MID

9    Brant Street to the Medina Family Trust;

10             b.        Plaintiff is informed and believes that in the course of a 2009

11   loan application to Regents Bank, the Debtor signed, under penalty of

12   perjury, a personal financial statement listing among his assets "Real Estate

13   Owned ... Brant Street-4 units,".  This was at a time when the Debtor has

14   asserted that the "Brant Street-4 units" were supposedly owned by MID

15   Brant Street;

16             c.        Plaintiff is informed and believes that in a subsequent, 2010

17   renewal of a Regents Bank loan to the Debtor, that the Debtor gave Regent's

18   a personal financial statement stating that he was the "100% Owner" of the

19   four real property parcels on Brant Street.  This was at a time when the

20   Debtor has asserted that the four real property parcels on Brant Street were

21   supposedly owned by MID Brant Street.

22   **Commingling of the Debtor's and the Corporate Entities' Assets**

23        19.    Plaintiff is informed and believes there are substantial indicia of the

24   commingling of assets between the Debtor and Medina Investments, Medina

25   Capital Group, and MID Brant Street, including the following:

26             a.        Plaintiff is informed and believes that, in response to Question

27   10 of the Debtor's Statement of Financial Affairs the Debtor declared, under

28   penalty of perjury, that "2300-2306 Brant St. 408-414 W. Juniper San

1    Diego, CA 92101" had been transferred from the Debtor to the Medina

2    Family Trust on May 20, 2011 (at a time when these properties had

3    supposedly been owned by MID Brant Street);

4          b.     Plaintiff is informed and believes that the Debtor's ownership

5    interest was confirmed when the Debtor subsequently filed two

6    Amendments to the Statement of Financial Affairs in the Chapter 11

7    proceeding and the information regarding the transfer of the Brant Street

8    Property from the Debtor to the Medina Family Trust remained unchanged,

9    i.e., the Debtor declared that "2300-2306 Brant St. 408-414 W. Juniper San

10   Diego, CA 92101" had been transferred from the Debtor [not MID Brant

11   Street] to the Medina Family Trust on May 20, 2011;

12         c.     Plaintiff is further informed and believes that, in addition to

13   being evidence of commingling, these assertions of ownership of the real

14   property by the Debtor individually were indicia of the Debtor's

15   representations to creditors that they were at all times dealing with him

16   directly;

17         d.     Plaintiff is informed and believes that, the assertion of the

18   Debtor's ownership interest was further confirmed on September 30, 2013,

19   after the conversion of Debtor's case to one under Chapter 7, the Debtor

20   filed his Chapter 7 Statement of Affairs and responded to Question No. 10

21   with the exact same information  regarding the transfer of the Brant Street

22   Property from the Debtor to the Medina Family Trust, i.e., the Debtor

23   declared that "2300-2306 Brant St. 408-414 W. Juniper San Diego, CA

24   92101" had been transferred from the Debtor [not MID Brant Street] to the

25   Medina Family Trust on May 20, 2011;

26         e.     Plaintiff is informed and believes that in or about December

27   2011, Debtor filed a Domestic Stock Corporation Certificate of Dissolution

28   for Medina Investments stating that "the corporation has been completely

1    wound up and is dissolved" and that the "corporation had never acquired any

2    known assets [i.e., that it never had an interest in the Brant Street property or

3    Mid Brant Street and that the Brant Street was an asset of the Debtor.]

4        f.      Plaintiff is informed and believes that, although the Debtor

5    stated in the corporate dissolution filings that Medina Investments never had

6    any assets, that the MID Brant Street Operating Agreement had specified

7    that MID Brant Street owed Medina Investments approximately $240,000 to

8    reimburse it for monies it allegedly advanced for the acquisition of the Brant

9    Street real property and for architectural and engineering work done at the

10   property.

11       g.      Plaintiff is further informed and believes that the Debtor never

12   took steps to allow MID Brant Street to repay the monies it supposedly owed

13   to Medina Investments because it was more convenient for the Debtor to

14   simply treat that obligation as an asset belonging to MID Brant Street.

## DISPOSITION OF PROCEEDS FROM SALE OF THE BRANT STREET PROPERTY PAID TO PBS DEFENDANTS

17   20.    Plaintiff is informed and believes that on March 14, 2014 that portion

18   of the Brant Street Property commonly known as 408 W. Juniper Street was sold

19   and the settlement charges from the 408 W. Juniper sales proceeds included

20   payments in the amount of $16,949.00 and $9,378.50 to PBS Construction

21   Services without receipt by the Debtor of value or equivalent exchange.  Plaintiff is

22   further informed that neither the real property sale nor the cash transfer were

23   authorized by the Bankruptcy Court presiding over the Debtor's bankruptcy case.

24   21.    Plaintiff is informed and believes that on September 18, 2014 that

25   portion of the Brant Street Property commonly known as 2300 Brant Street was

26   sold and the settlement charges from the 2300 Brant Street sales proceeds included

27   payments in the amount of $27,669.94 to PBS Investments without receipt by the

28   Debtor of value or an equivalent exchange.  Plaintiff is further informed that

1   neither the real property sale nor the cash transfer were authorized by the

2   Bankruptcy Court presiding over the Debtor's bankruptcy case.

3       22.     Plaintiff is informed and believes that on October 29, 2014 that

4   portion of the Brant Street Property commonly known as 2306 Brant Street was

5   sold and from the sales proceeds of 2306 Brant Street, $15,300.00 was paid to PBS

6   Construction Services for a Mechanic's Lien which was recorded on October 29,

7   2014, the same day that the sale closed.  This was over four years after

8   construction was completed pursuant to the Notice of Completion of the Brant

9   Street Properties which was recorded as Document No. 2010-0377699 with the San

10  Diego County Recorder's Office and the requirements for a valid Mechanic's Lien

11  were not met.  Plaintiff is further informed that neither the real property sale nor

12  the cash transfer were authorized by the Bankruptcy Court presiding over the

13  Debtor's bankruptcy case.

14  **FIRST CLAIM FOR RELIEF**
    **(Avoidance and Recovery of Post Petition Transfers, 11 U.S.C. §549)**

15

16      23.     Plaintiff realleges and incorporates by this reference Paragraphs 1

17  through 22  of this Complaint as fully set forth herein.

18      24.     Plaintiff is informed and believes that post-petition transfers made to

19  Defendants PBS Construction and PBS Investments from the sale of the Brant

20  Street Property after the filing of the bankruptcy petition are in the cumulative

21  amount of $69,297.44 or in an amount subject to proof at trial.

22      25.     Plaintiff is informed and believes that each of the post-petition

23  transfers constituted a transfer of property of the estate.

24      26.     Plaintiff is informed and believes and thereon alleges that each of the

25  post-petition transfers occurred without authorization by this Court or under the

26  Bankruptcy Code.

27      27.     Plaintiff is informed and believes that other avoidable payments or

28  transfers may have been made to the PBS Defendants and others after the

1  commencement of the bankruptcy case without authorization by this Court or

2  under the Bankruptcy Code.  Such payments or transfers are unknown to Plaintiff

3  at this time and Plaintiff will amend his complaint to reflect such transfers at such

4  time as the information becomes available to him or will request that the Court

5  conform the claim to proof at trial.

6      28.    Pursuant to 11 U.S.C. § 549, Plaintiff may avoid each of the post-

7  petition transfers.

8      29.    Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is

9  avoidable under 11 U.S.C. § 549, Plaintiff may recover the value of the property

10  transferred from Defendants.

11                    **SECOND CLAIM FOR RELIEF**
                **(Turnover of Property of the Estate - 11 U.S.C. § 542)**

12

13      30.    Plaintiff realleges and incorporates by reference Paragraphs 1 through

    29 of this Complaint as though fully set forth herein.

14

15      31.    Plaintiff alleges on information and belief that the PBS Defendants are

    in possession of property of the Debtor's Bankruptcy Estate in the amount of at

16

    least $69,297.44 in proceeds from the sale of the Brant Street Property or in an

17

    amount according to proof at trial. .

18

19      32.    Plaintiff is entitled to recover the sum of at least $69,297.44 in

20  proceeds from the sale of the Brant Street Property or other amount according to

    proof at trial, for the benefit of the estate pursuant to 11 U.S.C. § 550.

21

22          **WHEREFORE,** Plaintiff prays for judgment against Defendants as

    follows:

23

24                     **FIRST CLAIM FOR RELIEF**
              **(Avoidance and Recovery of Post-Petition Transfers -
                      11 U.S.C. §§ 549 and 550)**

25

26      1.    That the transfers identified in the First Claim for Relief be avoided as

27  post-petition transfers pursuant to 11 U.S.C. §§ 549 and 550 in an amount

28  according to proof at trial;

2.      That pursuant to 11 U.S.C. § 550, Plaintiff may recover for the benefit of the Estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee;

3.      For such other relief to Plaintiff as the Court deem s necessary and proper;

4.      If appropriate, attorney's fees and costs to Plaintiff.

### SECOND CLAIM FOR RELIEF
### (Turnover of Property of the Estate - 11 U.S.C. § 542)

1.      For turnover by the Defendants of the transfers of the Debtor's property in the amount of  $69,297.44 or an amount as proven at the time of trial in proceeds from the sale of the Brant Street Property for the benefit of the estate;

2.      For such other relief as the Court deems necessary and proper; and

3.      If appropriate, attorney's fees and costs to Plaintiff.

LAW OFFICE OF WILLIAM P. FENNELL, APLC


Dated: March 14, 2016          By: /s/William P. Fennell
                                          William P. Fennell, Esq.
                                   Attorneys for Ronald E. Stadtmueller, Chapter 7 Trustee

- 11 -

1

## **PROOF OF SERVICE**

2

I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and am not a party to this action.  My business address is Law Office of William P. Fennell, APLC, 401 West A Street, Suite 1800, San Diego, CA 92101.

3

4

On **March 14, 2016**, I served the foregoing document(s), described as:

5

6

**SECOND AMENDED COMPLAINT TO AVOID AND RECOVER POST-PETITION TRANSFERS; FOR TURNOVER OF PROPERTY OF THE ESTATE**

7

8

**I.      TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):**

9

Pursuant to controlling General Order(s) and Local Bankuptcy Rule(s) ("LBR"), the foregoing document(s) will be served by the court via NEF and hyperlink to the document.  On **March 14, 2016,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated below:

10

11

12

**Ajay Gupta**                              ajay@guptalc.com *(Attorney for PBS Real Estate Investments, LLC, and PBS Construction Services, Inc.)*

13

**Ronald E. Stadtmueller**        ecfstadt@aol.com, ecfstadt2@aol.com; ecfstadt@gmail.com; res@trustesolutions.net

14

15

**II.      SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL:**

16

On **March 14, 2016,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service, addressed as follows:

17

18

Ajay Gupta, Esq.
Christopher S. Evans, Esq.
Gupta Legal Center
402 West Broadway, Suite 400
San Diego, CA 92101
*Attorneys for PBS Real Estate Investments, LLC*
*and PBS Construction Services, Inc.*
*VIA FIRST CLASS MAIL*

19

20

21

22

23

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

24

25

Dated: March 14, 2016              /s/Luralene L. Schultz
                                                     LURALENE L. SCHULTZ

26

27

28

- 12 -              20160314 MEDI Second Amended Complaint v3.wpd